UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|  |  |  |
|---|---|---|
| ORBITAL ENGINEERING, INC., | : | CASE NO. 21-cv-01513 |
| Plaintiff, | : | OPINION & ORDER |
|  | : | [Resolving Docs. 11, 12 & |
| v. | : 19] |  |
| J.R. JOHNSON ENGINEERING, INC., | : |  |
| Defendant. | : |  |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

In this order, the Court finds that Plaintiff Orbital Engineering, Inc. ("Orbital") does not state a tortious contract inference claim against Defendant J.R. Johnson Engineering, Inc. ("J.R. Johnson"). Here, this Court decides if Orbital has stated a plausible claim when it alleges that a competitor J.R. Johnson spoke with a fired Orbital officer about future employment but does not allege that J.R. Johnson paid the former Orbital employee or that the former Orbital employee provided work for J.R. Johnson.

The Court also denies both sides' sanctions motions.

## I. Background

Pennsylvania-based Plaintiff Orbital Engineering, Inc. ("Orbital") and Ohio-based Defendant J.R. Johnson Engineering, Inc. ("J.R. Johnson") compete in the engineering, design, and construction management industry.[1]

---
[1] Doc. 20 ¶ 31.

Case No. 21-cv-01513
GWIN, J.

Almost two years ago and on March 2, 2020, Orbital fired Jeffrey Buchko, a longtime Orbital employee.[2] At the time Orbital fired Buchko, Buchko worked as an Orbital top executive.[3] Orbital claims it fired Buchko for willful misconduct.[4]

Buchko's Orbital employment contract contained non-compete and non-solicitation provisions.[5] The Buchko employment contract prevents Buchko from: "Provid[ing] services as an employee" to a competitor like J.R. Johnson for two years from Buchko's date of termination if terminated for willful conduct.[6] This means that if Buchko's conduct was willful, the restrictive covenant will expire on March 2, 2022.

If the conduct precipitating Buchko's firing was not willful, then the noncompete only lasts one year and expired on March 2, 2021.

As the complaint acknowledges, Buchko and Orbital sued each other in the U.S. District Court for the Western District of Pennsylvania.[7] In that lawsuit, Buchko and Orbital fight over whether Orbital fired Buchko for willful misconduct.[8]

In May 2021, more than a year after Orbital fired Buchko, J.R. Johnson offered Buchko a future management position.[9] J.R. Johnson admits that Buchko accepted a future position with J.R. Johnson.[10] J.R. Johnson also admits that it had notice of the restrictive covenant before J.R. Johnson extending the offer of future employment.[11]

---

[2] Doc. 1 ¶ 21.
[3] *Id.* at ¶ 10.
[4] *Id.* at ¶ 21.
[5] Doc. 1-1 at 3–4.
[6] *Id.*
[7] Doc. 1 ¶ 22.
[8] Doc. 20 at 14.
[9] *Id.* at ¶ 23.
[10] Doc. 20 ¶ 24.
[11] *Id.* at ¶ 25.

- 2 -

Case No. 21-cv-01513
GWIN, J.

The complaint does not include an allegation that Buchko started his employment term with J.R. Johnson.[12]

Orbital alleges various types of harm it has suffered as a result of Buchko accepting J.R. Johnson's future employment offer. It says that J.R. Johnson hired Buchko "for an improper purpose, including [ . . . ] utilizing Mr. Buchko's knowledge of Orbital's sensitive business information, exploiting Orbital's goodwill and/or diverting Orbital's business relationships and opportunities."[13] It also says that J.R. Johnson "has caused Orbital to expend significant resources and costs in pursuing its rights [in the Pennsylvania litigation]."[14] It lastly alleges "lost profits, lost customers, lost business opportunities, lost employees and harm to the company's reputation and goodwill."[15]

## II. Motion to Dismiss

Defendant's motion to dismiss is styled as a Rule 12(b)(6) motion for failure to state a claim.[16] While Defendant's arguments largely focus on whether Plaintiff has standing, which are more appropriately made under Rule 12(b)(1), the Court bases its decision on the grounds that Defendant fails to state a claim under Rule 12(b)(6) given the significant overlap between the standing and Rule 12(b)(6) analysis.[17]

### A. Legal Standard

When ruling on a Rule 12(b)(6) motion, the court considers the facts in the light most favorable to the non-moving party.[18] To survive a Rule 12(b)(6) motion to dismiss, a

---

[12] *Id.* at ¶ 23–30.
[13] Doc. 1 ¶ 36.
[14] *Id.* at ¶ 41.
[15] *Id.* at ¶ 42.
[16] Doc. 11 at 1.
[17] *See* Doc. 11 at 5 ("Orbital's vague claims of Mr. Buchko's employment with JRJE and hypothetical damages *fail to state a claim for tortious interference* with a contract under any state's law.") (emphasis added).
[18] Fed. R. Civ. Pro. 12(b)(6).

- 3 -

Case No. 21-cv-01513
GWIN, J.

claim must comply with Rule 8(a)(2) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief."[19] The pleading must (1) describe the claim in sufficient detail to give the opposing party "fair notice of what the . . . claim is and the grounds upon which it rests," and (2) its factual allegations must be sufficient to raise the possibility of relief above the "speculative level."[20]

### B. Discussion

The Ohio Supreme Court has established five elements for a tortious interference with a contract claim.[21] They are: "(1) the existence of a contract, (2) the wrongdoer's knowledge of the contract, (3) the wrongdoer's intentional procurement of the contract's breach, (4) the lack of justification, and (5) resulting damages."[22]

Orbital's complaint fails to state a claim because it does not meet the third element—that J.R. Johnson procured the breach of Orbital's employment contract with Buchko. The Orbital-Buchko contract prevents Buchko from "[p]rovid[ing] services" to a competitor.[23] But the complaint does not allege that Buchko has performed any work that could be considered a service for J.R. Johnson.[24] The complaint's assertion that Buchko's future "employment" violates the employment contract is a legal conclusion that this Court is not required to accept as true under Rule 12(b)(6).[25]

And in the absence of an allegation that Buchko started work with J.R. Johnson, the Court also finds Orbital's claimed damages not plausible. Orbital fired Buchko eighteen

---

[19] Fed. R. Civ. P. 12(b)(6); Fed. R. Civ. P. 8(a)(2). As Plaintiff notes, Defendant erroneously cites the Ohio Civil Rule 12(b)(6) which is irrelevant in this federal case. Doc. 18 at 2 n.2.
[20] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal citation omitted).
[21] *Fred Siegel Co., L.P.A. v. Arter & Hadden*, 707 N.E.2d 853 (Ohio 1999).
[22] *Id.* at Fred Siegel Co., L.P.A. v. Arter & Hadden, 707 N.E.2d 853, 858 (Ohio 1999).
[23] Doc. 1-1 at 3.
[24] Doc. 1 ¶ 23–30.
[25] Doc. 1 ¶ 30.

months before this lawsuit was filed. And Orbital fired Buchko fourteen months before J.R. Johnson spoke to Buchko about employing Buchko.

A review of the Ohio cases further confirms that Orbital fails to state a claim. In Ohio cases where courts have ruled in favor a plaintiff's tortious contract interference claim involving a non-compete agreement, there is more evidence that the former employee competed against the former employer than the conduct Plaintiff alleges here.[26]

The leading Ohio case of *Fred Siegel* is instructive.[27] In that case, the court said a tortious interference claim could go forward where a lawyer who accepted a job with a new firm wrote letters to her former clients asking them to leave the former employer.[28]

In *Off. Depot, Inc. v. Impact Off. Prod., LLC*,[29] the former employer alleged that two employees "commenced competing against [their former employer] while they were still in [the former employer's] employ."[30]

As mentioned above, this action was filed about a year and a half after Orbital fired Buchko and about three months after Buchko accepted the J.R. Johnson job. Orbital's complaint does not say that Buchko provided services to J.R. Johnson during this time.

Lastly, the two sides dispute to what extent, the Court may consider the ongoing Pennsylvania litigation—which is referenced in the complaint—in issuing this order. Because the Court finds that Plaintiff's claim fails even without considering those materials, the Court does not reach that issue. To the extent the Court could take judicial notice of

---

[26] The Court agrees with Plaintiff that the decision in *Berardi's Fresh Roast, Inc. v. PMD Enterprises, Inc.*, 2008-Ohio-5470 (Ohio Ct. App. 2008) does not support Defendant's motion to dismiss since the issue in that case involved an employment offer that was made *after* the noncompete agreement had already expired, *id.* at ¶ 33.
[27] 707 N.E.2d 853.
[28] *Id.* at 857.
[29] 821 F. Supp. 2d 912 (N.D. Ohio 2011).
[30] *Id.* at 921 (citing complaint).

Case No. 21-cv-01513
GWIN, J.

those proceedings, the Court would observe that a recent opinion denying Orbital's partial motion for summary judgement notes that J.R. Johnson has "decided to delay hiring Buchko."[31]

### III. Sanctions

J.R. Johnson brings two Rule 11 sanctions claims against Orbital. First, J.R. Johnson says that Orbital filed the complaint for the improper purpose of procuring discovery from its competitor.[32] Second, J.R. Johnson says that the complaint "hinges upon the premise that Mr. Buchko has an active employment relationship with [J.R. Johnson] which Orbital knows to be untrue.[33] Orbital says in response that the Court should impose sanctions on J.R. Johnson for filing a meritless Rule 11 motion.[34]

Based largely on the consideration that sanctions are inappropriate when a Court dismisses a complaint under 12(b)(6), the Court declines to impose sanctions against either side.[35] Additionally, the Court does not find that this lawsuit was filed for an improper purpose.[36] And the motions at issue were not completely baseless.[37]

### IV. Conclusion

Plaintiff's complaint is DISMISSED without prejudice. The Court also DENIES the sanctions motions.

IT IS SO ORDERED.

---

[31] *Orbital Engineering, Inc. v. Jeffrey J. Buchko*, No. 20-593 at 11 (W.D. Pa. Nov. 12, 2021), ECF No. 277.
[32] Doc. 12 at 2–3.
[33] *Id.* at 3–6.
[34] Doc. 19 at 19.
[35] *See Tahfs v. Proctor*, 316 F.3d 584, 594 (6th Cir. 2003) ("As a general proposition, a district court should be hesitant to determine that a party's complaint is in violation of Rule 11(b) when the suit is dismissed pursuant to Rule 12(b)(6) [ . . . ].").
[36] *See* Wright & Miller, 7C Fed. Prac. & Proc. Civ. § 1838 (3d ed.) ("There is no rule of law that prevents two in-personam actions involving the same claim and identical or similar parties from proceeding simultaneously in separate courts.").
[37] *See Tahfs*, 316 F.3d at 594.

Case No. 21-cv-01513
GWIN, J.

Dated: November 26, 2021                  *s/     James S. Gwin*
                                                        JAMES S. GWIN
                                                        UNITED STATES DISTRICT JUDGE